IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00154-CR

 

Bernel J. Lindsey,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 339th District Court

Harris County, Texas

Trial Court # 915,921

 



MEMORANDUM 
Opinion










 

          Bernel
Lindsey was convicted of murder and sentenced to 45 years in prison.  Tex.
Pen. Code Ann. § 19.02 (Vernon 2003). 
His single issue on appeal is whether the trial court erred in refusing
to allow him to impeach a witness with a prior written statement.  Tex.
R. Evid. 613.

          At
trial, the victim’s father identified an autopsy photograph of his son.  A CSI employee described the scene of the
shooting—in an apartment—and several photographs.  Officers testified about the investigation
and took statements implicating Lindsey. 
Donito Harris, who was eight years old at the time of the event,
testified that he heard a knock on the door, saw someone go down the hallway,
then heard a shot.  He saw his father,
Genero Hogan, with a shotgun, but he never saw the victim with the
shotgun.  Hogan testified that after a
late-night conflict with two females, the victim had poured beer on one of
them.  The victim later put his shotgun
by the front door, so Hogan suspected that the victim expected trouble.  The next afternoon, Lindsey and one of the females
came to the door, and he, Hogan, told them he would get the victim.  He went back to his bedroom, heard the door
being kicked in, saw Lindsey pull a pistol from his waist and fire it.  He said he could not see the victim at the
time of the shot.  He ran to the victim,
who was bleeding and holding a shotgun. 
He then took the shotgun and went outside, but he did not tell the
officers about the shotgun when he gave a statement.

          Lindsey
testified that the female called him after the beer-pouring incident.  He went from Lake Charles to Houston, arriving about noon the next day. 
He followed the female to “someone’s house,” where she knocked on the
door.  Lindsey said after one person
answered the door and they waited for fifteen minutes, he saw someone holding a
gun and saying “move dog, move dog.”  He
pushed the door open and saw a man pointing a gun at him.  He pulled his gun, “just shot,” and turned
around and left.  He said he did not know
he had hit anyone.

          The
jury was charged on self-defense, but rejected it in favor of a guilty verdict.

          The
issue on appeal is whether the court improperly restricted Lindsey’s attempts
to impeach Donito Harris’s testimony with a prior statement in which he said he
saw the victim in the hallway with a shotgun just before he heard the
shot.  Lindsey says this is important
because the layout of the rooms was such that Harris could not have seen the
victim in the hallway with a shotgun unless the victim was near the front door.

          The
State’s response points out that Harris’s prior written statement is not in the
record, and thus Lindsey has failed to preserve his complaint by making an
offer of proof.   Tex. R. Evid. 103(a)(2).  We agree with the State.

          Lindsey’s
issue is overruled, and the judgment is affirmed.

 

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Affirmed

Opinion
delivered and filed December 8,
 2004

Do not publish

[CVPM]